**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
42WEST LLC,

      Plaintiff,　　　　　　　　　　　21-CV-1581 (OTW)

    -against-　　　　　　　　　　　　　　　**OPINION & ORDER**

ALEXANDER S. GOULD,

      Defendant.
---------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

**I.　INTRODUCTION**

  The Court assumes familiarity with the history of this case. In the summer of 2020, Alexander Gould ("**Defendant**") hired 42West LLC ("**Plaintiff**") to provide certain publicity services to him for which he ultimately did not pay. (ECF 131 at ¶ 1). The parties subsequently entered a Settlement Agreement and Mutual Release (the "**Settlement Agreement**"). (ECF 131 at ¶¶ 47–50). On February 22, 2021, Plaintiff filed the Complaint, alleging, *inter alia*, breach of the Settlement Agreement and fraudulent inducement. At the time of filing, Plaintiff requested temporary sealing of the Complaint and Exhibits. (ECF 6).

  For the reasons stated below, the Court now orders that the Complaint be **UNSEALED** with the exception of the confidential bank account information that should remain redacted under Fed. R. Civ. P. 5.2(a). Plaintiff is directed to refile the unsealed Complaint and Exhibits, with redactions applied to any confidential bank account information, by **Tuesday, September 24, 2024**.

II. **BACKGROUND**[1]

Plaintiff filed the Complaint on February 22, 2021, asserting claims for breach of the Settlement Agreement, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, *quantum meruit*, and unjust enrichment, and seeking an award for money damages and attorneys' fees. (ECF 131 at ¶ 69–98). Plaintiff first moved to seal the Complaint and Exhibits by letter motion on February 23, 2021, for the stated purpose of preventing the "sensitive information" in the Complaint and Exhibits from becoming public before Defendant had an opportunity to appear and request sealing. (ECF 6). On February 25, 2021, the Court granted the motion, authorizing Plaintiff to file the Complaint and Exhibits under seal temporarily. (ECF 10).[2] On September 17, 2021, Defendant filed a separate letter, asking the Court to permanently seal the redacted portions of the Complaint, or, in the alternative to continue the temporary sealing of the redacted portions of the Complaint during the discovery period. (ECF 24). Plaintiff opposed Defendant's request, arguing that the Complaint was subject to a high presumption of access under both the First Amendment the common law (*see infra* III.B) and that no compelling legal basis existed to maintain the seal. (ECF 25).

It recently came to this Court's attention that the temporary sealing has persisted for nearly three years. Accordingly, on August 5, 2024, I directed Plaintiff to file, under seal, a fully unredacted copy of the Complaint and Exhibits for the Court's review, and I also directed

---

[1] Plaintiff's motion for sanctions and other relief is pending and will be addressed in a later order. (*See* ECF 115).

[2] The order, issued as a memo endorsement, does not specify an end date to the sealing. (*See* ECF 10).

Defendant to file a motion for permanent sealing in accordance with my Individual Practices and controlling Second Circuit case law by August 16, 2024, if he intended to seek permanent sealing of the Complaint. (ECF 130).[3] Defendant responded to my order on August 16, 2024. (ECF 132). Plaintiff filed their opposition on September 13, 2024. (ECF 133).

Defendant has identified four general types of content that he contends should be permanently redacted/sealed: (1) information regarding the subject matter of the publicity services that Plaintiff performed for Defendant; (2) information regarding certain of Defendant's ongoing business activities; (3) information regarding the Settlement Agreement and the Settlement Agreement itself; and (4) information regarding Plaintiff's bank account and related wire instructions. (ECF 132 at 4–6). Plaintiff takes no position on Defendant's latest submission as to the first three categories, other than noting that Defendant does not identify a "legally supportable basis to maintain the seal under the applicable legal standard." (ECF 133 at 1). I agree that there is no dispute that confidential bank account information in the Exhibits should remain permanently redacted under Fed. R. Civ. P. 5.2(a), and so the remainder of this Opinion and Order addresses the other three categories of information for which Defendant seeks permanent sealing. (*See* ECF 133 at 1).

III. DISCUSSION

The common law right of public access to judicial documents is based on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of

---

[3] Defendant's initial request that the Complaint be permanently sealed did not address controlling Second Circuit law. (ECF 24).

3

justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The First Amendment also secures, to both the public and the press, a right of access to civil proceedings. *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984). When determining whether documents at issue on a motion to seal or redact are subject to this common law right, the court must first conclude that the documents at issue are judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If the Court determines that the documents at issue are judicial documents, and that therefore the constitutional and common law presumption of access attaches, it must determine the presumption's weight. *Id.* Finally, the Court balances competing considerations against the presumption of access. *Id.* at 120 (citing *Amodeo*, 71 F.3d at 1050). Under both constitutional and common law frameworks, the burden of justifying sealing rests with the party seeking sealing. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

    **A. <u>The Complaint and Exhibits Are Judicial Documents</u>**

Defendant does not dispute—nor could he—that the Complaint and Exhibits are judicial documents. "A "judicial document" or "judicial record" is a filed item relevant to the performance of judicial functions and useful in judicial processes. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). It is well settled in this Circuit that pleadings are judicial documents. *Id.* at 140. *See Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 166–67 (2d Cir. 2013). "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *Bernstein*, 814 F.3d at 140 (quoting *Fed. Trade Comm'n v. Abbvie Prods. LLC*, 713 F.3d 54, 62 (11th Cir.2013).

**B. The Highest Presumption of Access Attaches to the Complaint and Exhibits**

When assessing a complaint under the First Amendment framework, courts generally use the "experience and logic" approach, considering whether the documents have historically been open to the press and public and, whether public access plays a significant positive role in the functioning of the judicial process in question. *Bernstein*, 814 F.3d at 141. *See Hartford Courant v. Pellegrino*, 380 F.3d 83, 92 (2d Cir. 2004); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986).

Under the common law framework, the weight given to the presumption of access is governed by "the role of the material at issue in the exercise of Article III judicial power" and "the resultant value of such information to those monitoring the federal courts." *Amodeo*, 71 F.3d at 1049. Where documents directly affect an adjudication, or are used to determine litigants' substantive legal rights, the presumption of access is "at its zenith," and thus can be overcome only by extraordinary circumstances. *Lugosch*, 435 F.3d at 121; *Amodeo*, 71 F.3d at 1048–50. The locus of the inquiry is, in essence, whether the document "is presented to the court to invoke its powers or affect its decisions." *Amodeo*, 71 F.3d at 1050.

The presumption of access here is high under the First Amendment framework. Pleadings have "historically been publicly accessible by default, even when they contain arguably sensitive information." *Bernstein*, 814 F.3d at 141. Public access to the Complaint will better allow the public to understand the history in this case and inform the public of matters of public concern—such as the nature of the services Plaintiff provided to Defendant, the nature of Defendant's business dealings, and the alleged breach of the parties' prior Settlement Agreement. *Id.*

The presumption of access is also high under the common law framework. Defendant seeks to redact information relating to "matters that directly affect [the] adjudication" of his case, and that is therefore integral to the performance of judicial power in this action—namely, the nature of the services Plaintiff provided to Defendant and the very Settlement Agreement that Plaintiff seeks to enforce, and which Defendant has avoided performing for over three years. *Amodeo*, 71 F.3d at 1049. These documents are critical to determining the parties' substantive legal rights, not least of all in connection with Plaintiff's pending motion for sanctions and enforcement of the Settlement Agreement. (*See* ECF 115). The presumption of access is therefore "at its zenith," and could only be overcome by extraordinary circumstances, which, as described below (*see infra* III.C), Defendant has not shown. *Bernstein*, 814 F.3d at 142.

### C. Defendant's Privacy Interests Do Not Overcome the Presumption of Access

Defendant has not met his burden of justifying sealing with respect to his requests to redact: (1) information regarding the subject matter of the publicity services that Plaintiff performed for Defendant; (2) information regarding Defendant's ongoing business activities; or (3) information regarding the Settlement Agreement. There are no competing considerations that outweigh the presumption of access under either the constitutional or common law frameworks. Despite the presumption of access under both the First Amendment and the common law, the documents in dispute may be kept under seal if either "higher values" under the constitutional framework or "countervailing factors" under the common law framework require. *Lugosch*, 435 F.3d at 124. *See also Amodeo*, 71 F.3d at 1050. Under the constitutional framework, which imposes the higher burden, the party proposing sealing must demonstrate

6

that sealing is essential to preserve higher values and is narrowly tailored to serve that interest. *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Under the common law framework, documents may be kept under seal if countervailing factors so demand. *Lugosch*, 435 F.3d at 124. Countervailing factors include, but are not limited to, the public's safety, law enforcement interests, judicial efficiency, and the privacy interests of either third parties or the persons resisting disclosure. *Id.* at 120; *Nago v. Bloomberg L.P.*, 19-CV-11483 (GBD) (OTW), 2021 WL 1718949, at *1 (S.D.N.Y. 2021); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (collecting cases); *E.E.O.C. v. Kelley Dryer & Warren LLP*, 10-CV-655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (collecting cases). I will weigh the privacy interests separately for each category of information that Plaintiff seeks to redact.

**1. Information Regarding the Subject Matter of the Publicity Services**

Defendant asserts that "confidentiality is central to what Plaintiff does for its clients" as a public relations firm, and that he relied on the confidentiality agreement between the parties under the assurance that Plaintiff would "honor" the agreement. (ECF 132 at 5). The mere existence of a confidentiality agreement is insufficient to overcome the heavy presumption of access here. *Bowling v. Johnson & Johnson*, 17-CV-3982, 2019 WL 1760162, at *8 (S.D.N.Y. 2019). *See also Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 471 (S.D.N.Y. 2017) ("[T]he preservation of . . . bargained-for confidentiality does not overcome the presumption of access to judicial documents."); *Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, 10-CV-698 (RJS), 2010 WL 3958791, at *3 (S.D.N.Y. 2010) ("The mere existence of a confidentiality agreement . . . does not demonstrate that sealing is necessary." (internal quotation marks omitted)). Moreover, as Plaintiff has noted, Defendant expressly waived confidentiality in writing when he executed the

7

Settlement Agreement. (ECF 25 at 4–5). And finally, the Court has reviewed the unsealed Complaint, and notes that the services rendered to Defendant concerned a matter that was, and remains, public.

### 2. Information Regarding Defendant's Ongoing Business Activities

Defendant asserts that public access to the names of current or potential business partners and financial structures could damage reputations, endanger current and future business deals, or harm those third-party businesses. (ECF 132 at 6). While the Court understands Defendant's desire to seal case records due to potential reputational or financial harm, the Court has repeatedly held that the potential for a negative impact on a party's future business or social status does not outweigh the presumption of access. *Nago*, 2021 WL 1718949, at *2; *Saadeh v. Kagan*, No. 20-CV-1945, *2 (PAE)(SN), 2021 WL 965334 (S.D.N.Y. 2021) (denying motion to seal complaint and collecting cases); *see, e.g., Zabolotsky v. Experian*, 19-CV-11832 (GHW), 2021 WL 106416, at *3 (S.D.N.Y. 2021) (denying motion to seal case file "for the sake of [plaintiff's] livelihood and professional and personal reputation" because "[i]t is well-settled that neither generalized concerns of adverse publicity nor the possibility of future adverse impact on employment outweigh the presumption of public access") (internal quotations omitted); *Badinelli v. Tuxedo Club*, No. 15-CV-06273 (VLB), 2018 WL 6411275, at *2 (S.D.N.Y. 2018) (refusing to seal case records, finding plaintiff's "interest in privacy, professional reputation, and earning capacity" did not "outweigh the interest in public access to the record"); *Under Seal*, 273 F. Supp. 3d at 467–68 (lifting seal and emphasizing that "[a] possibility of future adverse impact on employment . . . is not a higher value sufficient to overcome the presumption of access to judicial documents") (internal quotations omitted).

### 3. Information Regarding the Settlement Agreement

With respect to allegations in the Complaint pertaining to Defendant's representations to Plaintiff regarding the Settlement Agreement, Defendant asserts that such statements are "inflammatory and unproven." (ECF 132 at 6). Defendant's assertion cannot overcome the heavy burden that applies to the Complaint. Defendant's concern appears to be that the allegations in the Complaint—which need not be "proven" to be alleged—contain information damaging to his reputation, a concern that, as noted above, does not on its own warrant judicial protection. *Giurca v. Montefiore Health System, Inc.*, 18-CV-11505 (ER) (BCM), 2021 WL 2739061, at *3 (S.D.N.Y. July 1, 2021) (citing *Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thailand)*, 09-CV-995 (BSJ) 2009 WL 959639, at *2 (S.D.N.Y. 2009) ("Delta's primary concern appears to be that the documents contain information damaging to its reputation, a concern that, without more, does not warrant judicial protection.")).

## IV. CONCLUSION

For the foregoing reasons, the Court now orders that the Complaint be **UNSEALED** with the exception of the confidential bank account information that should remain redacted under Fed. R. Civ. P. 5.2(a). Plaintiff is directed to refile the unsealed Complaint and Exhibits, with redactions applied to any confidential bank account information, by **Tuesday, September 24, 2024**.

**SO ORDERED.**

Dated: September 20, 2024
New York, New York

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

9