

Lauren M. Paxton, Esq., Partner
862.233.8130   lpaxton@ck-litigation.com

October 9, 2024

**Via ECF**

Honorable Ona T. Wang
United States Magistrate Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  *42West LLC v. Alexander Gould*, No. 21-cv-01581-OTW (S.D.N.Y.)
           <u>Letter Brief in Support of Plaintiff's Motion to Seal</u>

Dear Judge Wang:

      This firm represents Plaintiff 42West LLC ("Plaintiff" or "42West") in the above-referenced action. We write in support of Plaintiff's Motion (the "Motion") to Partially Seal the Court's Opinion and Order Entering Default Judgment (the "Opinion, ECF No. 136). In the Motion, Plaintiff seeks to redact only the two references to the billing rates of undersigned counsel's law firm, Calcagni & Kanefsky LLP ("CK"), appearing on page 26 of the Court's Opinion. A copy of the Opinion with the proposed redactions, as well as a notice of motion and proposed order, are filed herewith.

      Redacting the references to CK's billing rates is justified under the relevant legal standard. When determining whether to seal information on the public docket, a court must first assess whether the document containing the information at issue qualifies as a "judicial document" to which a presumption of public access applies. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Here, the Court's Opinion is a judicial document. The next step of the analysis is to determine the "weight of that presumption" by balancing "the role of the material at issue in the exercise of Article III judicial power" and "the resultant value of such information to those monitoring the federal courts," against "competing considerations" such as "the privacy interests of those resisting disclosure." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Lugosch* at 119-20).

      Here, the only information that Plaintiff seeks to redact from public view are the two references to CK's hourly rates for attorneys and staff members utilized in connection with this matter. Prior to the issuance of the Court's Opinion, CK's rates had not been previously available on ECF for the public to view because the Court previously permitted Plaintiff to redact this information or file it under seal (ECF Nos. 55 and 120). Other courts in this District have also restricted public access to attorney billing rates because this type of information is competitively sensitive. *See, e.g.*, *Coscarelli v. ESquared Hospitality LLC*, No. 18-5943, 2020 WL 6802516, at *3 (S.D.N.Y. Nov. 19, 2020) (granting plaintiffs' "motion to seal or redact references to their counsel's billing rates," because plaintiffs "satisf[ied] their burden of

Letter to Hon. Ona T. Wang, U.S.M.J. 2
*42West v. Gould*, No. 21-cv-1581 (OTW)
October 9, 2024

demonstrating that the competitive sensitivity of their counsel's rates outweighs the presumption in favor of public disclosure"); *Skyline Steel, LLC v PilePro, LLC*, 2015 WL 3739276, at *7 (S.D.N.Y. June 15, 2015) (ruling that plaintiff had "shown a sufficient basis" to justify redacting "standard hourly rates and narrative descriptions discussing legal services"). Given that Plaintiff seeks only to redact this limited information about the specific rates charged and that these rates are not particularly important to the Court's ruling but are highly sensitive to counsel for business reasons, Plaintiff respectfully submits that these privacy interests far outweigh any interest the public may have in viewing CK's billing rates. For these reasons, Plaintiff respectfully requests that, pursuant to Fed. R. Civ. P. 5.2 and Section IV of Your Honor's Individual Practices, the Court grant Plaintiff's motion to partially seal the Court's Opinion as set forth in the proposed redacted version filed concurrently. Thank you for the Court's consideration.

Respectfully submitted,

Lauren M. Paxton, Esq.
Calcagni & Kanefsky LLP

Enclosures

cc:   Alexander Gould (via email with enclosures)

---

**Plaintiff's motion to seal is DENIED.** Courts regularly discuss billing rates in the public record when determining an award of attorneys' fees. *See, e.g., Doe v. Green*, 17-CV-1765 (RA) (OTW), 2021 WL 2188534, at *10 (S.D.N.Y. 2021), *rep. & rec. adopted at* 17-CV-1765 (RA), 2021 WL 2188148 (S.D.N.Y. 2021); *Castillo v. Barking Dog NYC LLC*, 18-CV-8458 (VSB) (OTW), 2020 WL 5665109, at *5–7 (S.D.N.Y. 2020), *rep. & rec. adopted at* 18-CV-8458 (VSB) (OTW), 2020 WL 5663431 (S.D.N.Y. 2020); *ComLab, Corp. v. Kal Tire*, 17-CV-1907 (PKC) (OTW), 2019 WL 2144307, at *5 (S.D.N.Y. 2019), *rep. & rec. adopted at* 17-CV-1907 (PKC) (OTW), 2019 WL 2137135 (S.D.N.Y. 2019), *aff'd sub nom. ComLab, Corp. v. Tire*, 815 F. App'x 597 (2d Cir. 2020).

**SO ORDERED.**

_____
Ona T. Wang                                                    Oct. 28, 2024
U.S.M.J.